Second Lieutenant Neal K. Duke Arkansas Highway Police P.O. Box 341 Marion, AR 72364
Dear Lt. Duke:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Arkansas Highway Police for a copy of your personnel file. I have been provided with copies of the records in your file. The custodian of the records has determined that your personnel file, in its entirety, should be released, after your social security number and home telephone number have been redacted. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of this file is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion that the custodian's decision to release your personnel file, in its entirety, is not consistent with the FOIA. As discussed more fully below, certain records should be withheld from disclosure, and certain additional information should be redacted from the records that are released.
Records That Should Be Withheld From Disclosure
Some of the records contained in your personnel file constitute "employee evaluation/job performance records." These are the records that are entitled "Performance Evaluation," as well as any other records created in the evaluation of your job performance — both negative and positive.See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. It should be noted that I do not classify the various records in your file reflecting your promotions as "employee evaluation/job performance records." Although this office has previously opined that promotion records can constitute "employee evaluation/job performance records" (See, e.g., Op. Att'y Gen. No. 97-081), it has also been the opinion of this office that the names, dates, and positions to which the individual is promoted can be released. Because your promotion records reflect only this type of releasable information, I do not classify them as "employee evaluation/job performance records." They can therefore be released.
However, all other records in your file that would constitute "employee evaluation/job performance records" — both positive and negative — are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It is my understanding that you have not been suspended or terminated. Therefore, the first two of the above-listed conditions for the release of any "employee evaluation/job performance records" in your file have not been met. Such records therefore cannot be released.
Some of the records in your personnel file constitute "medical records," which are exempt from disclosure under A.C.A. § 25-19-105(b)(2) of the FOIA. The term "medical records," as used in the FOIA, is not defined. This office has construed the term to apply to "records containing information relating to the treatment or diagnosis of a medical condition." See Op. Att'y Gen. No. 89-147. Accord, Op. Att'y Gen. No.91-374. Therefore, the custodian must review all records in your file that contain medical information, and should determine whether the information in those records relates to the treatment of diagnosis of a medical condition. Those records containing such information should not be released.
This office has previously opined that grade transcripts constitute "scholastic records," which are exempt from disclosure under A.C.A. §25-19-105(b)(2). See, e.g., Ops. Att'y Gen. No. 97-177; 96-044, and other opinions cited therein. The transcripts contained in your personnel file should not be released.
Your personnel file also contains certain tax records. All state income tax records are exempt from disclosure under A.C.A. § 25-19-105(b)(1). This office has also taken the position that records reflecting federal tax withholding should also be withheld from disclosure. See Op. Att'y Gen. No. 95-110, 91-093, and other opinions cited therein. Therefore, any federal and state tax records in your file should not be released.
Your personnel file contains numerous records pertaining to your insurance coverage. This office has previously opined that records reflecting an individual's insurance coverage should not be released, because they divulge intimate financial information about the individual. See, e.g., Ops. Att'y Gen. Nos. 96-134; 96-133; 95-110; 94-235; 87-042. The insurance records in your file, including "cafeteria plan" records, therefore should not be released. (The withholding of these records will alleviate the need to redact your dependents' social security numbers.)
Additional Information That Should Be Redacted
In addition to redacting your social security number and your telephone number, it is my opinion that certain additional information should be redacted from the records that are released.
Some of the records contained in your personnel file contain your (and other employees') scores on certain tests. This office has previously opined that the release of individuals' test scores would constitute a "clearly unwarranted invasion of personal privacy," within the meaning of the FOIA.[1] See, e.g., Ops. Att'y Gen. Nos. 97-177; 97-034, and other opinions cited therein. These test scores should be redacted from the records before they are released.
Many of the records in your file make reference to your marital status. This office has consistently opined that information concerning marital status is not disclosable. See, e.g., Ops. Att'y Gen. Nos. 98-152; 98-001. Accordingly, such information should be redacted from any records that are released.
Your driver's license number appears on many of the records in your file. This number should be redacted before any of those records are released. The federal Driver's Privacy Protection Act [18 U.S.C. §§ 2721et seq.] requires that this information be kept confidential.
In addition to the above-discussed items, it is my opinion that two other items of information should be redacted from the records in your personnel file prior to release, on the basis of avoiding a "clearly unwarranted invasion of personal privacy."
The first is your home address. The Arkansas Supreme Court recently upheld a custodian's decision to withhold for release certain police officers' home addresses. Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). One of the court's primary considerations in upholding that decision was the fact where police officers are concerned, this information carries a heightened potential to be used for purposes of harassment, nuisance, and people attempting to contact the officers at home, or endangering their families' safety. On the basis of Stilley v.McBride, therefore, I believe that the withholding of your home address is warranted.
Second, I believe that your retirement number should be withheld from disclosure. This is private information the release of which does not further the purposes of the FOIA. In Stilley v. McBride, supra, the court placed emphasis on the fact that a FOIA request must be made for the purpose of furthering the policy for which the FOIA was enacted, namely, to keep the citizens of the state "advised of the performance of their public officials." Id. at 314. The release of your driver's license number and your retirement number do not, in my opinion, further this FOIA policy. They should therefore be redacted from the records that are released.
Finally, I must note one other matter. It is not clear from your records whether your telephone number is listed or unlisted. I have consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See,e.g., Op. Att'y Gen. No. 93-403 and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. SeeDepartment of Defense v. FLRA, 510 U.S. 487, 500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilleyv. McBride, supra, but that Stilley did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No.98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. However, because of your circumstances as a law enforcement officer, and in accordance with the spirit of Stilley, I conclude that there might be a heightened privacy in your telephone number, even if it is a listed number. For this reason, I do not question the custodian's decision to redact your telephone number from the records that are released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] Under the FOIA, records that constitute "personnel records" (or information contained therein) are releaseable except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).