Major Wayne Cone Assistant Chief Harrison Police Department P.O. Box 1715 Harrison, AR 72602
Dear Major Cone:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of certain records.
You indicate that the Harrison Police Department has received a request from the Arkansas Chronicle for "all records, including personnel records," that pertain to two former employees. You have listed the records that would be responsive to this request as follows:
Payroll sheets
Firearm qualification sheets
Original application
Background checks
 Personal History Statement (as required by Law Enforcement Standards)
Payroll change sheets
Child Support Enforcement Unit information sheet
Law enforcement "code of ethics"
Birth certificate
Applicant fingerprint cards
ACIC drivers license check
Medical examination reports
Confirmation of psychological evaluation
Psychological recap sheet
Law Enforcement Training records
Retirement notice and payroll sheets for end of employment
Letters of appreciation
Miscellaneous papers
SUMMARY OF CONCLUSIONS
As explained more fully under the heading "Discussion" below, you, as the custodian of the records, must make the ultimate decision concerning the release of the requested records. However, based upon your descriptive list of the records and the applicable legal principles, I have formed the following preliminary opinions:
 (1) All records should be reviewed individually to determine their ultimate disclosability.
(2) The following record should not be released:
ACIC drivers license check
(3) The following records should be released:
Payroll sheets
Payroll change sheets
Original application
Law Enforcement "code of ethics"
Birth certificate
Applicant fingerprint cards
Retirement notice and payroll sheets for end of employment
Letters of appreciation
 (4) The following records must be evaluated on an individual basis to determine whether they should be released:
Background checks
 Personal History Statement (as required by Law Enforcement Standards)
Child Support Enforcement Unit information sheet
Miscellaneous papers
 (5) All records that are released should be reviewed to determine whether they contain specific information that should be redacted prior to their release.
DISCUSSION
You have requested my opinion as to whether the records that have been requested of you should be disclosed. As an initial matter, I must note that you indicate that you have not made an independent determination concerning the release of these records. Technically, I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). Because you have not made such a determination, I will be limited to providing you with the legal principles by which this determination must be guided.
Generally, the records you have described constitute "public records," within the meaning of the FOIA. "Public records" are defined as:
 writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
Under the FOIA, "public records" must be disclosed unless they are exempt from disclosure either under an exemption provided in the FOIA itself, under an exemption provided by some other law. A.C.A. § 25-19-105(a).
The records you have listed could constitute either "personnel records," "employee evaluation/job performance records," both of which can be exempt from disclosure under certain circumstances. It will be important for you to classify the records properly in order to determine their disclosability. Such a classification is crucial, because the standard for disclosing the different types of records differs. Below, I will discuss the standards for the disclosability of these two types of records.
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
A threshold determination that must be made, therefore, is which of the records constitute "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
If the records that have been requested of the police department are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the individual's personal privacy.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Another threshold determination that must be made, therefore, is whether any of the requested records constitute "employee evaluation or job performance records," within the meaning of the FOIA. Again, the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. However, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the requested records are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. If those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below, the requested records should be released.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by you, as the custodian of the records, considering all of the relevant information.
Each of the records that you have listed should be evaluated under the foregoing principles to determine whether they contain information that would render them subject to the exemptions for personnel records or for employee evaluation/job performance records.
Applying the above-discussed principles, I am able to form some preliminary opinions about the records that were requested of the police department. I reiterate, however, that the ultimate decision concerning the release of these records must be made by the custodian of the records, and will require a review of the actual records. My discussion of these records is not conclusive.
In my opinion, the following types of records in your list of requested records generally would not be deemed subject to the exemptions for personnel records or employee evaluation/job performance records, or any other exemption from disclosure under the FOIA or other laws, and should therefore be released:
Payroll sheets
Payroll change sheets
Original application
Law Enforcement "code of ethics"
Birth certificate
Applicant fingerprint cards
Retirement notice and payroll sheets for end of employment
Letters of appreciation
It is my opinion that the "firearm qualification sheets" and "law enforcement training records" should be released; however, if these sheets contain actual test scores, these scores should be deleted before these records are released. The Attorney General has consistently taken the position that whereas the disclosure of the names of employees who passed a test would not constitute a clearly unwarranted invasion of personal privacy, the disclosure of individual employees' specific test scores would constitute such an invasion of those individuals' personal privacy. See, e.g., Ops. Att'y Gen. Nos. 00-119; 97-033; 93-079; 89-054.
The reasoning that has been adduced in support of that conclusion is that the public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Some of the records you have listed may be subject to other specific exemptions. More particularly, it is my opinion that the "medical examination reports," the "confirmation of psychological evaluation," and the "psychological recap sheet" may be subject to the FOIA's exemption for "medical records." See A.C.A. § 25-19-105(b)(2). The term "medical records," as used in the FOIA, is not defined. The Attorney General has consistently interpreted the term "medical records" to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 99-110; 98-202; 89-147. The medical and psychological records to which you have referred could constitute "medical records," according to this interpretation.
It is my opinion that the "ACIC drivers license check" should not be released. The provisions of A.C.A. § 12-12-211 prohibit the release of information obtained from the Arkansas Crime Information Center (ACIC), except to authorized individuals or upon court order.
The records that I have not specifically mentioned in this discussion are the "background checks," the "personal history statement (as required by Law Enforcement Standards)", the "Child Support Enforcement Unit information sheet," and the "miscellaneous papers." The disclosability of these records will depend entirely upon the specific nature of each such record.
It should be noted that all records that are released should be reviewed individually to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No.99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the individual in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Finally, I note that some information may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh