Mr. Fletcher B. Smith, Jr. 94 Pebble Beach Drive Little Rock, AR 72212
Dear Mr. Fletcher:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq, as amended by Act 1653 of 2001. You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General. You report that you are employed as a Code Enforcement Officer for the City of Little Rock's Department of Neighborhood Programs. Through their attorney, two Senior Code Enforcement Officers have requested "copies of all Personnel Status Change forms ["PSC forms"] maintained by the City of Little Rock Human Resources Department regarding all Code Enforcement Officers and all Senior Code Enforcement Officer employed by the City's Department of Neighborhood Programs for the period January 1, 1996 to the present." In the alternative, counsel indicates that he "would be amenable to reviewing whatever public records your office maintains that would reveal a) the initial salary, b) any subsequent change in salary, and, c) the reason for such change for all Code Enforcement Officers and Senior Code Enforcement Officers during the relevant time period at issue."
You remark in your request for my opinion:
 It is my understanding that employee evaluation and job performance records are exempt from discovery unless they form the basis of a decision to suspend or terminate an employee. Since changes in salary are based on performance evaluation(s), I would think that with the exception of initial salary information, the rest of the items requested should be exempt from discovery under the [FOIA].
I must note at the outset that I have not been provided with a copy of a PSC form and hence cannot opine on the disclosability of specific information contained thereon. However, I can and will set forth the general guidelines to be followed by the custodian in determining what to disclose. I can and will also address the three categories of information specifically referenced in counsel's request.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1), as amended by Act 1653 of 2001. Given that you are a public employee, I believe your PSC form or forms clearly qualify as "public records" under this definition, as would any other records maintained by your employer relating to your salary.
As my predecessor noted in the attached Ark. Op. Att'y Gen. No. 99-305, which also dealt with the disclosability of salary information:
 If records fit within the definition of "public records" under A.C.A. § 25-19-103(1), they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)(10). It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
As reflected in the passage quoted above from your request, you apparently believe that any document recording changes in your salary constitutes an employee evaluation or job performance record, as opposed to a personnel record. This distinction matters because the former category is not subject to the "clearly unwarranted invasion of personal privacy" standard discussed above. Rather, under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). However, in Ark. Op. Att'y Gen. No. 99-305, my predecessor analyzed a request for salary information, including records documenting changes in salary, using the standard for disclosure of personnel records, not "employee evaluation or job performance records." I fully agree with my predecessor on this point. In my opinion, a record that merely reports salary over time does not in itself constitute the sort of candid in-house assessment one would expect to find in an "employee evaluation or job performance record"; rather, a salary record merely documents a history of actions taken on the possible basis of assessments recorded in distinct "employee evaluation or job performance records."
At issue, then, is whether disclosing a document that records your salary history would amount to a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112, 94-198, 94-178 and 93-055; WATKINS, supra at 126. In Opinion No. 99-305, my predecessor offered the following analysis of this issue:
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
* * *
 . . . [C]ourts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
 Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice, 308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 In my opinion the public's interest in the salaries and qualifications of its employees is substantial. It will therefore usually outweigh any privacy interest. The records requested, in my opinion, do not appear to contain the type of "intimate" information which could overcome the public's interest under A.C.A. § 25-19-105(b)(10) [now A.C.A. § 25-19-105(b)(12)]. The salaries of public employees are a matter of public record and are not exempted by A.C.A. § 25-19-105(b)(10). See Ops. Att'y Gen. 97-079 and 96-205 (fn.1). To the extent the District has records reflecting this information, it should be provided.
I agree with my predecessor's analysis in all respects and consequently believe the custodian should disclose records reflecting your salary history.
The analysis becomes more complicated in considering counsel's request to inspect any documents that reflect "the reason for such change [i.e., any salary adjustment] for all Code Enforcement Officers and Senior Code Enforcement Officers during the relevant time period at issue." In my opinion, unlike documents that merely report salary history, documents that set forth the reasons for adjusting any employee's salary may, but need not necessarily, constitute employee evaluation or job performance records. To illustrate, a document that details an employee's fine performance and recommends a raise may well constitute an employee evaluation or job performance record, whereas a document that merely announces an across-the-board salary increase will not. The custodian in this case will need to classify each document and then apply the applicable standard as set forth above. I am neither equipped nor authorized to conduct any such factual analysis.
In addition to the qualified exemptions for employee evaluation or job performance and personnel records discussed above, the FOIA exempts the following records that might bear on your request:
(1) State income tax records;
 (2) Medical records, adoption records, and education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232q, unless their disclosure is consistent with the provisions of the Family Educational Rights and Privacy Act of 1974.
* * *
 (13) Home addresses of non-elected state employees contained in employer records, except the custodian of the records shall verify an employee's city or county of residence or address on record upon request.
A.C.A. § 25-19-105(b), as amended by Acts 1336 and 1653 of 2001. With respect to the former of these exemptions, as I noted in Ark. Op. Att'y Gen. No. 99-327:
 If the records in question in fact contain . . . state income tax withholding information, § 25-19-105(b)(1) will likely apply to prevent disclosure. See generally Op. Att'y Gen. 91-093. The mere fact that the files contain information pertaining to . . . income or other financial information is not, however, a sufficient basis for concluding that this exemption applies.
This office has also taken the position that records reflecting federal tax withholding should also be withheld from disclosure. See Ops. Att'y Gen. Nos. 99-016, 95-110, 91-093. Therefore, any federal and state tax records in your file should not be released.
The custodian should review your records and redact any information that qualifies for the above or any of various other exemptions. For example, if the record contains social security numbers, they should be redacted.See Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted.See Ark. Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998); Ark. Op. Att'y Gen. No. 99-054.
In Ark. Op. Att'y Gen. No. 2001-028, I offered the following guidance to a custodian regarding the just referenced privacy interest:
 The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
 If you, as custodian of the records, determine factually that the concern you have expressed meets the three prongs of test laid out by the McCambridge court, you must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
The foregoing sets forth the general standard the custodian should apply in determining what records or portions of records are subject to disclosure.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh