Mr. Joe Childers Assistant City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Mr. Childers:
You have requested an Attorney General opinion, pursuant to A.C.A. § (c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records.
You indicate that the City of Pine Bluff has received a request for "all correspondence to or from the Chief concerning disciplinary matters" related to two Pine Bluff Police Department employees: Ivan Whitfield and James Golden. You further indicate that you have determined that the requested records should be released. You have enclosed copies of the requested records for my review.
I am directed by law to issue an opinion as to whether your determination concerning the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion, as discussed more fully below, that your decision to release these records is correct with regard to some of the records. However, certain records, in my opinion, do not appear to be releasable.
The records that you have provided me constitute both "personnel records" and "employee evaluation/job performance records." Records that constitute "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Ops. Att'y Gen. Nos. 2001-154; 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. Personnel records must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). Records that constitute "employee evaluation/job performance records" are any records generated by or at the behest of the employer that detail the employee's performance or lack of performance on the job. Ops. Att'y Gen. Nos. 2001-154; 96-132; 91-324. Employee evaluation/job performance records may be released if the following conditions have been met: (1) The employee has been suspended or terminated; (2) There has been a final administrative resolution of that suspension or termination; (3) The records formed a basis for the suspension or termination; and (4) There is a compelling public interest in the records. A.C.A. § 25-19-105(c)(1).
I will now apply the foregoing standards to evaluate the releasability of the records that you have provided.
Ivan Whitfield's Records
You have provided 45 records from Ivan Whitfield's personnel file.
Of those records, the following constitute "employee evaluation/job performance records" as to which all conditions for release appear to have been met:
 • Memo dated September 29, 2000, entitled "Reinstatement to the Rank of Captain"
 • Memo dated July 10, 2000, entitled "Violation of Departmental Policies . . ."
• Memo dated June 9, 2000, entitled "Complaint"
• Memo dated June 9, 2000, entitled "Internal Investigation"
• Memo dated June 19, 2000, entitled "[Complainant's Name]"
• Memo dated June 8, 2000, entitled "[Complainant's Name]"
 • Memo dated June 11, 2000, entitled "Continuation of Memo-June 8, 2000"
• Letter dated June 12, 2000
 • Memo dated June 9, 2000, entitled "Investigation of Sexual Harassment Complaint"
 • Memo dated June 21, 2000, entitled "I.A.D. Investigation on Capt. Whitfield"
• Memo dated July 13, 2000, entitled "Disposition of Complaint"
The foregoing records should be released.
In my opinion, the following records constitute employee evaluation/job performance records as to which the conditions of release have not been met, because they do not appear to have formed the basis for any suspension or termination:
• Memo dated December 26, 2001
• Memo dated October 5, 2001
• Memo dated August 22, 2001
• Memo dated May 3, 2001
• Memo dated May 3, 2001
• Memo dated April 2, 2001
• Memo dated April 16, 2001
The foregoing records should not be released.
Of the 45 Whitfield records, the following constitute "personnel records":
• Notice of Right of Appeal
• Memo dated April 23, 2001, entitled "EEOC Complaint . . ."
• Memo dated April 25, 2001, entitled "I.A.D. #2001-23 . . ."
• Memo dated June 7, 2001, entitled "I.A. #2001-23"
• Receipt of Notice of Disciplinary Action, dated July 10, 2000
• Departmental Correspondence, dated June 9, 2000
In my opinion, the release of the foregoing personnel records would not constitute a clearly unwarranted invasion of the employee's privacy. They should therefore be released.
James Golden's Records
You have provided 20 records from James Golden's personnel file.
Of those records, the following constitute "employee evaluation/job performance records" as to which the conditions of release have been met:
• Employee Disciplinary Report dated August 30, 2001
• Memo dated October 12, 2001, entitled "Insubordination"
• Memo dated October 12, 2001, entitled "Departmental Violations"
The foregoing records should be released.
In my opinion, the following records constitute employee evaluation/job performance records as to which the conditions of release have not been met, because they do not appear to have formed the basis for any suspension or termination:
• Report dated September 17, 2001
 • Memo dated October 12, 2001, regarding the September 17, 2001 Report
 • Memo dated October 12, 2001, regarding the September 17, 2001 Report
• Memo dated November 8, 2001
• Memo dated October 30, 2001
• Memo dated November 6, 2001
• Memo dated October 24, 2001
• Memo dated October 10, 2001
The foregoing records should not be released.
Of the 20 Golden records, the following constitutes a "personnel record":
• Notice of Right of Appeal
The release of this record would not, in my opinion, constitute a clearly unwarranted invasion of the employee's personal privacy.
It should be noted that many of the above-referenced records from both employees' files contain references to other employees. Such records therefore constitute the "personnel records" of those employees. These records must be evaluated under the test for the release of such records. That is, a determination must be made as to whether the release of these records would constitute a clearly unwarranted invasion of those other employees' personal privacy. If so, those employees' names should be redacted prior to the release of the records. In addition, any other exempt information, such as social security numbers, and home addresses and telephone numbers should be redacted. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998).
Another matter of concern is the fact that some of the records contain references to and information about individuals who are not and have never been employees of the police department. These individuals may have a cognizable privacy interest in these records. In order to be protectable, the privacy interest of such individuals must rise to the level of a constitutional privacy interest.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
The question of whether these three conditions have been met is a question of fact that must be determined in the first instance by the custodian of the records. If it can be determined factually that any information in the requested records meets the three prongs of test laid out by the McCambridge court, the ensuing question that must be considered is whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the individual's privacy interest outweighs the public's interest in the records, they should not be released. This issue is of particular concern when records contain references to individuals who are not and have not been public employees.
Finally, I must point out that the conclusions expressed herein — particularly the conclusions as to whether the conditions for the release of employee evaluation/job performance records have been met — are based entirely upon the information conveyed by the records themselves. The question of whether these conditions have been met is a question of fact, and I acknowledge that the factual information conveyed by the records may be incomplete. Accordingly, it is imperative that you review the facts of the situation to determine whether, in fact, these conditions have been met with regard to each of these records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General