Mr. James A. Etter c/o George Van Hook, Jr., Att'y at Law Post Office Box 490 El Dorado, Arkansas 71731
Dear Mr. Etter:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 2001), for an opinion on whether release of your personnel records in connection with your former employment with the Arkansas State Police is consistent with the Arkansas Freedom of Information Act (FOIA) codified at A.C.A. §§ 25-19-101 to -109 (Repl. 1996 and Supp. 2001). Specifically, you state that your records have been requested for a "political reason" on behalf of a potential political opponent of yours for use in an upcoming race for Union County Sheriff for which you intend to file. You state that you feel that your records are being requested for a "political smear campaign only" and that they should not be released for this purpose. It is my understanding that the custodian of the records has determined that the requested records should be released, with certain information redacted, including social security number, etc. My statutory mandate is to determine whether the custodian's decision is consistent with the Freedom of Information Act. See A.C.A. §25-19-105(c)(3)(B).
RESPONSE
Although I have not reviewed the actual records in question and therefore cannot come to a conclusive determination as to the release of particular records, it is my opinion that the custodian's decision is generally consistent with the FOIA. I have set out the relevant tests for release of such records below. I will state that the particular purpose for which these records have been requested does not prevent their release.
This office, relying on Watkins, The Arkansas Freedom of Information Act
(3rd Ed. 1998) at 134, has consistently opined that the open records requirements of the FOIA apply to former employees as well as to current employees. See, e.g., Ops. Att'y Gen. Nos. 2001-350; 95-131; 90-089. Records that are maintained in personnel files can usually be classified either as "personnel records" or "employee evaluation/job performance records." The difference between the two is significant, because the standards for releasing the two differ.
Personnel Records
Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the employee who is the subject of the records. A.C.A. §25-19-105(b)(12).
The FOIA does not define the term "personnel record." However, this office, relying on Watkins, supra, has consistently opined that "personnel records" are all records other than "employee evaluation/job performance records" (see discussion below) that pertain to individual employees, former employees, and successful job applicants. See, e.g.,
Ops. Att'y Gen. Nos. 2001-055; 2000-130.
Once it has been determined that a particular record is a "personnel record," the ensuing issue is whether its release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether the release of any particular records would constitute a "clearly unwarranted invasion of personal privacy," under this balancing test, is a question of fact that must ultimately be made by the custodian, based upon all of the circumstances surrounding the situation. See Ops. Att'y Gen. Nos. 98-001; 94-119.
One remaining issue must be discussed with regard to disclosure of your personnel records. You have raised an issue as to the requester's motive for seeking access to your records.
My predecessor has opined that as a general matter:
 [T]he reason a requester seeks access to records under the FOIA is irrelevant. See Op. Att'y Gen. 92-289 and Watkins, The Arkansas Freedom of Information Act (mm Press, 2d Ed. 1994) at 66. If the record is a "public record" under the FOIA and is subject to no exception, it must be released to members of the public without regard to their motive for seeking access.
Op. Att'y. Gen. 96-306. See also Op. Att'y. Gen. 98-186.
The Arkansas Supreme Court appears to have altered the correctness of this conclusion with regard to the facts before it in a 1998 case. InStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), the Supreme Court held that the home addresses of police officers were exempt from disclosure under the FOIA. The court noted that the plaintiff's "sole reason for requesting [the officers'] addresses was to utilize a cheaper method of obtaining service of process on the officers." Id. at 314. "The reason given by Stilley for requesting home addresses of police officers — has little or nothing to do with learning or reporting the officer's activities." Id. The court noted that "[s]imilar to the federal FOI Act, the purpose of our FOI law is to keep our electors advised of the performance of their public officials and to make it possible for them, or their representatives, to learn and to report fully the activities of their public officials." Id. The court felt that the home addresses requested in Stilley, under the facts of that case, did not further this purpose.
As a result of the Stilley case, the particular requester's motive for seeking access to public records can apparently be relevant in the balancing test applied under A.C.A. § 25-19-105(b)(12). In my opinion, however, the facts of the Stilley case are clearly distinct from those presented in the request for your personnel records, requiring a different outcome than the one in that case. As indicated above, the Stilley case involved only the home addresses of officers, an item of information particularly charged with a privacy interest.[1] The request for your records, on the other hand, is broader and is a request for records relevant to your former employment with the Arkansas State Police. In addition, I cannot state, as the court did in Stilley, that the reason for requesting your personnel records "has little or nothing to do with learning or reporting the officers' activities." The request for your records appears to have everything to do with reporting about your activities on the job. In my opinion the public's interest in this information is substantial, especially where you intend to place yourself in contention for a position of public trust. In my opinion the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought. In my opinion, therefore, the requester's motive for seeking your personnel records does not render your personnel records exempt from disclosure.
As noted above, however, and in footnote 1, supra, certain information may need to be redacted from your records in order to comply with state and federal law. The exemptions in the FOIA are listed in A.C.A. §25-19-105(b). Having not been provided with the actual records in question I am not in a position to opine upon particular redactions.
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). An obvious presupposition of the foregoing test for releasability is that the employee in question was suspended or terminated.
Again, the FOIA does not define the phrase "employee evaluation/job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 2001-154; 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If you were neither suspended nor terminated from the State Police, any records in your personnel file that constitute "employee evaluation/job performance records" cannot be released. If you were suspended or terminated, the three-part test set forth above must be applied. The first two prongs of that test are factual matters that are readily determinable. The more difficult determination is the third, i.e.,
whether there is a "compelling public interest" in any employee evaluation/job performance records.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
These are the matters that must be considered in evaluating the releasability of any "employee evaluation/job performance records" in your personnel file.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I should note that a recent amendment to the FOIA shields the home addresses of non-elected state employees, an exemption which would shield your home address if listed in your personnel records. See A.C.A. §25-19-105(b)(13) (Supp. 2001).