Goodman, Gaston, Massanelli Croft c/o Ken Ferguson, Director Pine Bluff Department of Human Resources 200 E. 8th Avenue, Room 104 Pine Bluff, AR 71601
Dear Mr. Ferguson:
I am writing in response to the requests of four City of Pine Bluff employees for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. 25-19-101 et seq. (Repl. 1996 Supp. 2001). These employees have submitted their requests pursuant to A.C.A.25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General. The supporting information you have provided reflects that an individual seeks to review the following information regarding these employees: (1) date of hire; (2) yearly salary; (3) date of last salary adjustment; and (4) amount of adjustment. As custodian of the records reflecting this information, you report having tentatively determined that this information is disclosable under the FOIA. The four employees at issue have appealed to me to review your decision.
I must note at the outset that I have not been provided copies of the records that contain the requested information and hence cannot opine on the disclosability of specific information contained therein. However, I can and will set forth the general guidelines to be followed in determining what to disclose. I can and will also address the categories of information specifically referenced in the requests.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A). Assuming the subjects of the requests are all City of Pine Bluff employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I noted in the attached Ark. Op. Att'y Gen. No. 99-305, which also dealt with the disclosability of salary information:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord Ark. Op. Att'y Gen. No. 2001-122.
The question arises, then, whether documents reflecting an employee's salary history constitute an employee evaluation or job performance record, as opposed to a personnel record. This distinction matters because the former category is not subject to the "clearly unwarranted invasion of personal privacy" standard discussed above. Rather, under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). In Ark. Ops. Att'y Gen. Nos. 2001-022 and 99-305, this office analyzed requests for salary information, including records documenting changes in salary, using the standard for disclosure of personnel records, not "employee evaluation or job performance records." In my opinion, a record that merely reports salary over time does not in itself constitute the sort of candid in-house assessment one would expect to find in an "employee evaluation or job performance record"; rather, a salary record merely documents a history of actions taken on the possible basis of assessments recorded in distinct "employee evaluation or job performance records."
At issue, then, is whether disclosing documents that record salary history would amount to a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112, 2001-022, 94-198, 94-178 and 93-055; Watkins, supra at 126. In Opinion No. 99-305, I offered the following analysis of this issue:
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
* * *
 . . . [C]ourts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
 Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice, 308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 In my opinion the public's interest in the salaries and qualifications of its employees is substantial. It will therefore usually outweigh any privacy interest. The records requested, in my opinion, do not appear to contain the type of "intimate" information which could overcome the public's interest under A.C.A. § 25-19-105(b)(10) [now A.C.A. § 25-19-105(b)(12)]. The salaries of public employees are a matter of public record and are not exempted by A.C.A. § 25-19-105(b)(10). See Ops. Att'y Gen. 97-079 and 96-205 (fn.1). To the extent the District has records reflecting this information, it should be provided.
I continue to subscribe to this analysis in all respects and consequently believe that your decision to disclose the requested salary records is consistent with the FOIA.
Having offered this opinion, I should note that documents that set forth the reasons for adjusting any employee's salary, as opposed to a mere history of salary adjustment, may, but need not necessarily, constitute employee evaluation or job performance records. To illustrate, a document that details an employee's fine performance and recommends a raise may well constitute an employee evaluation or job performance record, whereas a document that merely announces an across-the-board salary increase will not. As custodian, you will need to classify each document that contains the requested information and apply the applicable standard as set forth above. I am neither equipped nor authorized to conduct any such factual analysis.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure