Mr. Roy H. "Sam" Carman c/o Little Rock Convention and Visitors' Bureau Robinson Center 426 West Markham Little Rock, Arkansas 72201
Dear Mr. Carman:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2005), for my opinion on whether the release of certain records would be consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -109 (Supp. 2005). Your request references a memorandum you received from the City of Little Rock, which states that a reporter from the Arkansas Democrat-Gazette "has made a request under the Arkansas Freedom of Information Act, to obtain a listing of all employees of the Little Rock Convention and Visitors' Bureau, their job title, hire date and salary." The City has determined by "this information is a personnel record and is releaseable." You request my opinion as to "whether or not this information is releasable to the Arkansas Democrat-Gazette."
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released.
In my opinion the custodian's decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subjects of the request are city employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 1999-305:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The" unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy . . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
In my opinion the records in question are "personnel records" for purposes of the FOIA. Under the relevant statute, A.C.A. §25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2005).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweigh that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis.See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one. See, e.g., Op. Att'y Gen. 1996-133.
At issue, then, is whether disclosing documents that record an employee's name, job title, hire date and salary would amount to a "clearly unwarranted invasion of personal privacy."
In my opinion, documents reflecting this type of information are subject to inspection and copying under the FOIA. See, e.g.,
Ops. Att'y. Gen. 2005-260; 2005-114; 2005-100; 2005-085; 2005-058; 2005-057; 2004-258; 2004-256; 2004-255; 2004-202; 2002-257; 2002-107. I and my predecessors have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See,e.g., Op. Att'y Gen. 2005-051; 2003-298 and 2002-087. This office has further previously concluded that the names, races, dates of hire and job titles of public employees are subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos.1995-012 and 91-351. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it.
In my opinion, therefore, the custodian's decision is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh