Steve Mitchell, President Argenta Community Development Corporation 401 Main Street, Suite 200 North Little Rock, AR 72203-1437
Dear Mr. Mitchell:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2007), for my opinion regarding the propriety of your provisional decision to withhold from disclosure various documents requested by a newspaper reporter related to the dismissal of an officer of your corporation. You report that the personnel file contains only a letter of dismissal and a Human Resources Committee report to the corporate board concerning alleged violations of your corporation's Human Resources Policies. You further report that the alleged violations in no way involved financial matters.
Both you and the requestor of the personnel file at issue appear to agree that Argenta Community Development Corporation (ACDC) is subject to the FOIA. Having no information regarding the organization of and sources of funding for ACDC, I will proceed on the assumption that the FOIA indeed applies.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried *Page 2 
out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Although you have not supplied me with the two documents at issue in your request, I assume that at least the Human Resources Committee report constitutes an "employee evaluation or job performance record" under the FOIA. "Employee evaluation or job performance records" are releasable only if various conditions have been met. Subsection25-19-105(c)(1) of the Code provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define the term "employee evaluation or job performance records" as used in A.C.A. § 25-19-105(c), nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-225; 2006-111; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Ark. Op. Att'y Gen. No. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom ofInformation Act (m m Press, 4th ed. 2004), at 196.
In determining whether to withhold the above referenced report, you will need to consider whether the factual predicates recited in A.C.A. § 25-19-105(c)(1) exist and would hence warrant declining to disclose the documents. You report that *Page 3 
there has indeed been a dismissal in this case but do not disclose whether the dismissed officer has exhausted any administrative appeals that might be available. As noted above, an employee evaluation/job performance record cannot be released so long as an administrative appeal is still available. Assuming no possibility of appeal remains, the pertinent issue will be whether a compelling public interest in disclosure of this document exists. This is ultimately a factual determination for you to make.
You note in your correspondence that you do not feel a compelling public interest exists in this case because "[t]he violations had nothing to do with financial matters." Although this may be a relevant factor in your determination, without knowing the nature of the alleged violations, I am unable to weigh the public interest in disclosure of the document. Under the circumstances, I can do no more than set forth the general standard you should apply in making your determination.
The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" *Page 4 
exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances.
With regard to the second document you mention — namely, a letter of dismissal — you have not supplied me with a copy of the letter and as a result I am unable to determine whether this document qualifies as an "employee evaluation/job performance record" subject to the standard of review set forth above or whether instead it should be categorized as a "personnel record" of the dismissed employee. My predecessors have opined, and I have agreed, that a dismissal or termination letter that contains the reasons for the termination is an employee evaluation or job performance record for purposes of the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-026 and 95-171 (relying on Ark. Ops. Att'y Gen. Nos. 92-191 and 88-97). However, if the correspondence at issue merely announces the fact of the termination, you should determine its disclosability under the FOIA using the standard discussed immediately below.
Under the FOIA, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that *Page 5 
when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "i t is sufficient under the circumstances to observe that the employee's privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins Peltz, supra at 126. The test is an objective one. See, e.g., Ark. Op. Att'y Gen. 96-133.
In my opinion, assuming the letter indeed qualifies as a "personnel record" under the above standard — i.e., if it does not detail the reasons for the termination — I believe the balancing test just discussed would mandate its disclosure. In my opinion, the public interest in being apprised of the dismissal of a senior employee of an institution subject to the FOIA clearly outweighs any privacy interest of ACDC employees referenced in the record.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General