Oscar STILLEY *v.* Wanda McBRIDE

97-628                                              965 S.W.2d 125

Supreme Court of Arkansas
Opinion delivered March 19, 1998

*Appellant*, pro se.

*Dailey & Woods, P.L.L.C.*, by: *Wyman R. Wade, Jr.*, for appellees.

TOM GLAZE, Justice. On behalf of two clients, appellant Oscar Stilley, an attorney, filed a § 1983 action in federal court against two Fort Smith police officers, Patricia Sullivan and Ronald Pippin. Stilley sought to obtain the officers' home addresses from their personnel records from Wanda McBride, a City of Fort Smith employee. Stilley wanted the addresses, so he could serve the officers by mail, which was cheaper than having them served in person. When McBride refused Stilley's request, Stilley immediately reduced his request to writing, demanding the addresses pursuant to the Arkansas Freedom of Information (FOI) Act, Ark. Code Ann. § 25-19-101 -107 (Repl. 1996). On the same day, the Fort Smith City Attorney, Stanley A. Leasure, by letter, denied Stilley's demand, and stated the records requested were exempt from disclosure under § 25-19-105(b)(10) of the FOI Act. That provision generally provides that personnel records are not open to the public if their disclosure would constitute a "clearly unwarranted invasion of personal privacy." Six days later, Stilley, pro se, filed this lawsuit in circuit court, seeking Sullivan's and Pippin's home addresses. Fort Smith answered, again denying Stilley's requests, and stating the information sought is exempt under § 25-19-105(b)(10). The circuit court promptly set the matter for a hearing.

At the hearing, counsel revealed that not only had Stilley already obtained the officers' addresses, but also both the City

and the officers had filed their answers in the federal lawsuit. In fact, the federal suit had been dismissed prior to the circuit court's hearing. Nonetheless, the parties and the circuit court proceeded with stipulations of facts, testimony, and arguments, after which the circuit court held that the officers' home addresses were exempt from disclosure under § 25-19-105(b)(10) because the information is a clearly unwarranted invasion of personal privacy. Stilley appeals, claiming the trial court erred.

We first are met with the doctrine of mootness, and the well-settled rule that this court does not render advisory opinions, nor answer academic questions. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). Under Arkansas law, a case becomes moot when any judgment rendered would have no practical effect on an existing legal controversy. *Id.* However, when the case involves the public interest, or tends to become moot before litigation can run its course, or a decision might avert future litigation, we have, with some regularity, refused to permit mootness to become the determinant. *Campbell v. State*, 300 Ark. 570, 781 S.W.2d 14 (1989). The FOI case now before us unquestionably presents an issue of public interest. Accordingly, we address and decide it.

In *Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992), this court considered whether personnel records, containing written examinations and evaluations of police officers seeking promotions, were exempt from disclosure under § 25-19-105(b)(10). We sustained the trial court's ruling that the public's right of scrutiny would be satisfied under the circumstances, if the evaluation or assessor report forms were released after the names of the officers were deleted. In affirming the trial court, we stated the following:

> The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. The public's interest, the right to know that its safety is protected by competent and the best-qualified police lieutenants, is substantial.

Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.

■ ■ In the *Young* decision, while recognizing the federal FOI Act personnel exemption is not identical to Arkansas's, we adopted the federal court's standard of balancing the public's and individual's privacy interests when deciding whether personnel information should be disclosed under § 25-19-105(b)(10). We cited *Brown v. FBI*, 658 F.2d 71 (2d Cir. 1981), with approval, stating that the federal courts have found that a substantial privacy interest exists in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. We concluded in *Young* that the release of embarrassing behaviors potentially contained in the records regarding officer promotions touched on the intimate details of the officer-candidates' lives, and was, therefore, a substantial personal privacy interest and would result in a clearly unwarranted invasion of the officers' personal privacy.

■ Since our decision in *Young*, the Supreme Court has decided the case of *Department of Defense v. FLRA*, 510 U.S. 487 (1994), which is worthy of our review before deciding the question now before us. There, the Court held the disclosure of the home addresses of federal civil service employees constituted a "clearly unwarranted invasion of the employees personal privacy" within the meaning of the federal FOI Act, 5 U.S.C. § 552(b)(6).[1] In *FLRA*, two local unions requested agencies of the Department of Defense to provide them with the names and home addresses of the agency employees in the bargaining units represented by the unions, but the agencies withheld home addresses, claiming such information was prohibited by the Privacy Act of 1974. Eventually, a divided panel of the United States Court of Appeals for the Fifth Circuit rejected the agencies' claim and held that, because

---

[1] Section 552(b)(6) provides that the FOI Act's disclosure requirements do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

exemption § 552(b)(6) of the federal FOI Act did not apply, the FOI law mandated full disclosure. 975 F.2d 1105 (1992). The Fifth Circuit majority panel reasoned that because the weighty interest in public-sector collective bargaining identified by Congress in the Labor Statute would be advanced by the release of the home addresses, disclosure "would not constitute a clearly unwarranted invasion of privacy."[2] The Fifth Circuit adopted the unions' argument that the home addresses of bargaining-unit employees constitute information that was "necessary" to the collective-bargaining process because through them, unions could communicate with employees more effectively than would otherwise be possible.

■    Upon its certiorari review of the Fifth Circuit Court decision, the Supreme Court reversed, and in doing so, noted that its duty on review was to weigh the privacy interest of bargaining-unit employees in nondisclosure of their addresses against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." *FLRA*, 510 U.S. at 497. The Court determined that, while the disclosure of the addresses might allow the unions to communicate more effectively with employees, such disclosures would reveal little or nothing about the employing agencies or their activities. *Id.*

After finding the relevant public interest supporting disclosure of home addresses to be negligible, at best, the Court then proceeded to weigh the interest of bargaining-unit employees in nondisclosure of their home addresses. It commenced this stage of its balancing of competing interests, by stating that, because there is little relevant public interest shown for releasing employees' home addresses, it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insub-

---

2 Under 5 U.S.C. § 7111(a), the Labor Statute requires an agency to accord exclusive recognition to a labor union that is elected by employees to serve as the representative of a bargaining unit. Moreover, an exclusive representative must represent fairly all employees in the unit, regardless of whether they choose to become union members. § 7114(a)(1).

stantial. *Id.* at 500. The Court first pointed out that whether such personal information may be available from other sources such as telephone directories and voter registration lists is not relevant for balancing purposes. *Id.*

■ The Court generally discussed the employees' various reasons for choosing not to provide the unions with their addresses, such as the employees' lack of familiarity with unions, their opposition to unions, or their reluctance to be disturbed at home by work–related matters. The Court expressed its reluctance to disparage the privacy of home, which is accorded special consideration in our Constitution, laws, and traditions. In addition, the Court said that, when it considered that other parties, such as commercial advertisers and solicitors, must have the same access under the FOI Act as the unions to the employee address lists sought, it is clear that the individual privacy interest that would be protected by nondisclosure was far from insignificant.[3] *FLRH*, 510 U.S. at 501.

■ In turning to the situation at hand, we initially emphasize that, under Arkansas's FOI Act, records kept in the scope of public employment are presumed to be public records, *see* § 25-19-103(1), but even so, such a record may be exempt from disclosure as is provided under § 25-19-105(b)(10). However, any exemption from disclosure is to be narrowly construed. *Young*, 308 Ark. at 596, 826 S.W.2d at 254.[4] Thus, like the City of Little Rock did in *Young*, the City of Fort Smith here had the burden to show that the officers' privacy interests outweighed that of the public's under the circumstances presented.[5] *Id.*

■ The City of Fort Smith undertook and met its burden at the circuit court hearing by presenting the testimony of Police Sergeant Patrick Young. Sergeant Young testified, touching on two concerns relating to the disclosure of police officers' addresses

---

[3] The Court's analysis previously related that all FOI requesters have an equal, and equally qualified, right to information; the fact that the unions are seeking to vindicate the policies behind the Labor Statute was irrelevant to the FOI analysis.

[4] No issue is raised as to whether the records sought here are public records.

[5] No question was raised below or on appeal concerning the standing of the City to defend Stilley's FOI claim as it related to Officers Sullivan and Pippin.

to the public. His first concern was that, when an officer goes home, the officer expects to be safe, and when he or she is on duty, the officer does not need the added burden of worrying about his family at home. A second concern, given by Sergeant Young, was the potential harassment or nuisance of people visiting or contacting officers at home.

As previously mentioned, Stilley's sole reason for requesting Officers Sullivan's and Pippin's addresses was to utilize a cheaper method of obtaining service of process on the officers. Similar to the federal FOI Act, the purpose of our FOI law is to keep our electors advised of the performance of their public officials and to make it possible for them, or their representatives, to learn and to report fully the activities of their public officials. Ark. Code Ann. § 25-19-102 (1996). The reason given by Stilley for requesting home addresses of police officers — has little or nothing to do with learning or reporting the officers' activities. This is especially true here, since Stilley's federal lawsuit had been filed before he requested the officers' addresses, and the suit had been dismissed before any hearing had been held by the circuit court. Stilley's request, in short, was triggered largely by his intent to save a few dollars in serving process on Sullivan and Pippin, not to learn about or report on those officers' activities.

For the foregoing reasons, we uphold the circuit court's decision, denying Stilley's FOI request for the home addresses of officers Sullivan and Pippin.