Dr. Roger L. Worsley, Chancellor Southern Arkansas University Tech SAU Tech Station Camden, AR 71701
Dear Dr. Worsley:
You have requested an Attorney General opinion concerning the release of certain records under the Freedom of Information Act (A.C.A. § 25-19-101et seq.) (FOIA).
You indicate that the Arkansas Fire Training Academy, which is a unit of Southern Arkansas University Tech in Camden, operates the Arkansas Fire Incident Reporting System. The Training Academy gathers information from Arkansas fire departments, both paid and volunteer, collates this information, and forwards it to the Federal Emergency Management Agency. The information obtained by the Academy consists of various forms concerning fire-related data. You have provided me with examples of these forms. You further indicate that the Arkansas Fire Training Academy has recently received requests for this information from insurance companies, the Insurance Commission, and various attorneys. You state that it has been the policy of the Training Academy to require subpoenas before releasing this information.
In light of this situation, you have presented the following question:
 Can the Arkansas Fire Training Academy release the above-described fire incident information without requiring a subpoena?
It is my opinion, as explained more fully below, that under the FOIA, the Arkansas Fire Training Academy must release the fire data records that it maintains (subject to exemptions, of course) without requiring a subpoena.[1]
As an initial matter, I must point out that the FOIA does not require the Arkansas Fire Training Academy to provide "information." Rather, it requires the provision of "public records." See A.C.A. § 25-19-105; Ops. Att'y Gen. Nos. 98-202; 98-075; 97-077. The term "public records" is defined in the FOIA as follows:
 "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
The above-quoted definition is clearly broad enough to include the records that are maintained by the Arkansas Fire Training Academy.[2]
Although the FOIA lists various records that are exempt from the requirement of disclosure, none of the exemptions appear to apply generally to the type of records that you have described (and examples of which you have provided). However, some of the exemptions may apply to information contained in those records. For example, the forms you have provided (if completed fully) would reflect medical information about individuals. This information could be deemed to constitute a "medical record" within the meaning of the FOIA, which is specifically exempt from disclosure. A.C.A. § 25-19-105(b)(2); Op. Att'y Gen. No. 99-054. Such information must therefore be redacted before the record is released. The forms (if completed) would also reflect individuals' home addresses and telephone numbers. Under circumstances where the individual has a heightened privacy interest in this information, it could be exempt from disclosure under the FOIA. For example, in Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998), the Arkansas Supreme Court held that the home addresses of police officers were not required to be released, given that this information could be used to harass the officers. The same analysis could apply to home telephone numbers (whether listed or unlisted).[3] See Ops. Att'y Gen. Nos. 99-054; 99-016.
In light of the possibility that the forms would contain information that is exempt from disclosure under the FOIA, it will be necessary to review each record to determine whether it contains information that should be redacted before the record is released. In any event, once all appropriate redactions have been made, the record must be released under the requirements of the FOIA, without requiring a subpoena.
I must note that the FOIA only requires the Arkansas Fire Training Academy to provide these records to Arkansas citizens who request them.See A.C.A. § 25-19-105.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should be noted that the Federal Emergency Management Agency (FEMA) has promulgated rules and regulations concerning the availability of records maintained by FEMA. See 44 C.F.R. § 5.1 et seq. Under these rules and regulations, records maintained by FEMA are expressly subject to the provisions of the federal Freedom of Information Act, see5 U.S.C. § 552, including the exemptions set forth in that Act, see5 U.S.C. § 552(b). Without knowing the specific contents of the records about which you have inquired, I am unable to opine definitively as to whether any of these exemptions would apply so as to bar disclosure of the records. However, I will note that based upon the contents of the forms you have provided, it is possible that some of the exemptions in the federal act could apply to some of the information that might be contained in the records. For example, some of the information could constitute medical records, which are exempt from disclosure. Other information, depending on the facts of each case, could fall within other exemptions, such as the exemption for law enforcement records. Each record should be evaluated on a case-by-case basis in order to determine compliance with the federal Freedom of Information Act.
[2] Because the Arkansas Fire Training Academy is a unit of a state-supported institution, it is an "agency wholly or partially supported by public funds or expending public funds," within the meaning of A.C.A. § 25-19-103(1).
[3] The Attorney General has consistently taken the position that unlisted telephone numbers should not be released. See, e.g., Ops. Att'y Gen. Nos. 98-122; 93-403.