Ms. Carol Billings Pine Bluff City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that an officer in your police department was terminated. He appealed the termination, and the civil service commission reinstated him and reduced his punishment to a 30-day suspension.
The city has received a request under the FOIA for the internal investigation, discipline, and other records related to the incident that led to the discipline of this officer. You have provided me with copies of the records that are responsive to the request. The custodian of the records has indicated that he intends to release the requested records.
I am directed by law to issue my opinion as to whether the determination of custodian of the records regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
It is my opinion that the decision of the custodian to release the requested records is generally consistent with the FOIA. The records that you have provided can be classified either as "personnel records" or as "employee evaluation/job performance records." In my opinion, all of these records are releasable under the standards that are applicable to such records. See A.C.A. § 25-19-105(b)(12) and (c)(1). In my opinion, the release of any of these records that are "personnel records" would not constitute a clearly unwarranted invasion of the officer's personal privacy. A.C.A. § 25-19-105(b)(12). Moreover, under the facts that you have presented, it appears that the requirements have been met for the release of any employee evaluation/job performance records. That is, there was a suspension and a final administrative determination of that suspension. The investigation records seemed to form a basis for that suspension. Finally, in my opinion, there is a compelling public interest in these records. A.C.A. § 25-19-105(c)(1).
It should be noted that some of the records may contain discrete items of information that are exempt from disclosure. For example, some of the records reflect the officer's social security number, which should not be disclosed. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 552a
(the "Federal Privacy Act"). The custodian should review each record individually to determine whether it contains exempt information, and should redact such information before the records are released. It may also be appropriate, if the facts warrant it, to redact the officer's home address and telephone number, pursuant to the holding of Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
It should also be noted that some of the records contain references to other employees, and can therefore constitute the personnel records of those employees. These records must therefore be evaluated in connection with those other employees, under the applicable tests.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh