Mr. James M. Llewellyn, Jr. Thompson and Llewellyn, P.A. Attorneys at Law 412 South 18th Street Post Office Box 818 Fort Smith, AR 72902-0818
Dear Mr. Llewellyn:
As attorney for the Fort Smith School District, you have requested an Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the Fort Smith School District has received a request for the following records:
 [A]n up-to-date file copy of all electronic-mail (e-mail) addresses of certificated K-12 classroom teachers, principals, and certificated support personnel in the district that are maintained in the district's database.
The requestor stated that the records could "best be delivered in a computer file format, e.g., excel database," and should include first name, last name, and e-mail address. The requestor has further stated that if the district uses a "formula" for generating the addresses, a simple computer text file with the current certificated staff with full names and the formula would be responsive. Finally, the requestor expressed a willingness to retrieve the requested e-mail addresses from a website that is made available to the public, if they are maintained on such a website. (I am assuming that the district does not publish its employees' e-mail addresses on any website; hence, the necessity of seeking this opinion.)
It is my understanding that the custodian of the school district's records has determined that the requested records should not be released. You indicate that the e-mail addresses of the district's employees do exist in the district's records. Some of these are e-mail addresses provided by the district to its employees, and others are the personal e-mail addresses of the employees. The e-mail addresses that are provided by the district to its employees are generated in a "fixed method," depending on which of the district's 30 servers the employee is associated with. You further indicate that to the extent that the requested e-mail addresses are maintained in the district's files, the district does not maintain a list of e-mail addresses in the form requested (i.e., first name, last name, and e-mail address). The district does maintain "an informal printed list of some voluntarily supplied e-mail addresses." It is my understanding that this list is not published by the district, but rather by district employees for convenience. In order to provide a list reflecting the employees' first names, last names, and e-mail addresses, it would be necessary for the district to compile such a list.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination is generally consistent with the FOIA with regard to the employees' personal e-mail addresses, but that it is generally inconsistent with the FOIA with regard to the employees' work e-mail addresses (i.e., the e-mail addresses that the district provides to its employees). That is, as a general matter, the employees' work e-mail addresses should be released, but as a general matter, the employees' personal e-mail addresses should not be released. I will explain these conclusions below.
I begin with the observation that the requested records constitute "public records," within the meaning of the FOIA. The term "public records" is defined as follows:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A).
This broad definition clearly would encompass records maintained by the school district reflecting its employees' e-mail addresses. Once a record is determined to be a "public record," a determination must be made as to whether it is exempt from the FOIA's disclosure requirements on any ground. With regard to the district's employees' e-mail addresses, this inquiry will require a consideration of the FOIA's exemption for "personnel records." As explained below, that consideration will involve an examination of whether the district's employees have any privacy interest in their e-mail addresses — both their work e-mail addresses and their personal e-mail addresses — and whether the public has any interest in these addresses.
The FOIA's exemption for "personnel records" provides that "personnel records" must be disclosed except to the extent that disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. The FOIA does not define the term "personnel records," but this office has consistently taken the position the "personnel records" are all records that pertain to the individual employee other than "employee evaluation" or "job performance records." See, e.g., Ops. Att'y Gen. Nos. 2004-211; 2003-201; 2003-055; 2002-085; 2001-154; 99-147). Therefore, records reflecting any individual employee's e-mail address would pertain to that employee and would likely be classified as a "personnel record." The disclosability of such records must, accordingly, be evaluated under the "clearly unwarranted" standard.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, however, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of the employee's personal privacy is always a question of fact that must be answered on a case-by-case basis. Ops. Att'y Gen. Nos. 2004-211; 2003-336; 2003-201; 2003-018; 2003-055; 2002-085; 2001-101; 98-001.
When I apply the above-discussed principles to records reflecting public employees' work e-mail addresses (i.e., the e-mail addresses that have been provided to public employees by their employers), I conclude as a general matter that these records must be released. It is difficult to conceive of any privacy interest that public employees could assert in their work e-mail addresses in this case. I can, however, envision a public interest in such information. Because there is essentially no privacy interest to weigh in the balance against the public interest, the public interest must prevail.
When I apply the above-discussed principles to records reflecting the employees' personal e-mail addresses, the case is somewhat more difficult. As a general matter, it would certainly seem that individuals could conceivably have a legitimate privacy interest in their personal e-mail addresses. It would also seem, as a general matter, that the public would usually have little or no interest in such information. I therefore conclude generally that because the individual's privacy interest in personal e-mail addresses is not insubstantial and because the public has little or no interest in such information, the privacy interest must prevail, and records reflecting personal e-mail addresses should not be released. I reiterate that this is only a general conclusion. Because, as previously noted, the determination of the releasability of personnel records always involves a question of fact, it is conceivable that under certain factual circumstances, a public interest in public employees' personal e-mail addresses could exist that would outweigh any privacy interest the employees might assert in that information.
Because at least some of the requested information is not exempt from disclosure and must be released (as discussed above), another matter that must be considered involves the requestor's statement that the requested information could "best be delivered in a computer file format, e.g.,
excel database." Before discussing that aspect of the request, I note that the requestor has made it clear that various forms of response would be acceptable; apparently, the computer file is simply preferable. However, because this statement does constitute a request for information in a particular format, the custodian of the records, while required to provide the information in the format in which it already exists, must also consider whether the information could be readily converted to the requested format. Although the custodian of the records is not required to create a record that does not already exist, see A.C.A. §25-19-105(d)(2)(C), the custodian nevertheless is required to provide non-exempt information in the requested format if it is readily convertible to that format. See A.C.A. § 25-19-105. If, as a factual matter, the district's employees' first names, last names, and work e-mail addresses, or a list of their names and the formula for creating their e-mail addresses, could be readily converted into a computer file format such as an Excel database, the custodian must see that this is done and provide the file to the requestor.
Even if the information is not readily convertible to a computer file format such as an Excel database, but the cost and time of making the conversion is relatively minimal, the custodian should do so. I emphasize that the custodian is not required to do so, but should do so. In such cases, the custodian will be permitted under certain circumstances to charge for the personnel time involved in complying with the request. The applicable provision of the FOIA states:
25-19-109. Special requests for electronic information.
 (a)(1) At his or her discretion, a custodian may agree to summarize, compile, or tailor electronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible.
 (2) Where the cost and time involved in complying with the requests are relatively minimal, custodians should agree to provide the data as requested.
 (b)(1) If the custodian agrees to a request, the custodian may charge the actual, verifiable costs of personnel time exceeding two (2) hours associated with the tasks, in addition to copying costs authorized by § 25-19-105(d)(3).
 (2) The charge for personnel time shall not exceed the salary of the lowest paid employee or contractor who, in the discretion of the custodian, has the necessary skill and training to respond to the request.
 (c) The custodian shall provide an itemized breakdown of charges under subsection (b) of this section.
A.C.A. § 25-19-109.
I reiterate that the requestor has made it clear that a computer file is simply the preferred format. Because at least some of the requested information is not exempt from disclosure, it must be released either in the requested format (if readily convertible to that format), or in the format in which it already exists. Again, if the information is not readily convertible to the requested format, the custodian may, but is not required to, convert the information to that format if the cost and time involved in making the conversion are minimal.
Finally, I must address the disclosability of the "informal list" that is published by district employees. Although this list is not in the format requested, it is my opinion that the list must be disclosed if it is maintained by the district, because it is responsive to the request. Some redactions may be necessary if the employees' personal e-mail addresses are reflected on the list. Even though this list is not published by the district, it nevertheless falls within the FOIA's broad definition of "public records" that are subject to the FOIA's open records requirement. That definition states:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A).
This broad definition clearly encompasses a list such as the informal list you have described. It therefore constitutes a "public record," and because it is responsive to the request, it should be released (with any appropriate redactions).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General