Ms. Lori Pearman 911 Deerfield Court Russellville, Arkansas 72801
Dear Ms. Pearman:
I am writing in response to your request for an opinion on the propriety of the records custodian's decision in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007). You indicate that your records request was denied on October 7, 2008. Specifically, you ask whether an application for a volunteer position with an entity subject to the FOIA must be disclosed in response to a FOIA request.
RESPONSE
At the outset, I must note that I cannot address the specific question you pose for two reasons. First, the governing statute requires you to "immediately seek" an Attorney General opinion to review the custodian's decision in response to a FOIA request. Given that nearly five months have elapsed since the custodian's decision, I am unable to respond to your request. Second, the specific question you ask falls outside subsection 25-19-105(c)(3)(B). My statutory authority and duty under this statute is to determine whether the decision of the custodian of records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007). I am not authorized to address specific questions posed by the custodian, subject, or requester. E.g., Op. Att'y Gen. 2006-071. Nevertheless, because it is somewhat unclear whether you have made an additional request after October 2008, I will respond to your request in general by explaining the law relevant to whether employment applications are subject to the FOIA. *Page 2 
DISCUSSION
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Assuming the entity to which the FOIA request is directed is covered by the FOIA, and the job application is kept by that entity, I believe it clearly qualifies as a "public record" under this definition.
When documents qualify as public records, they must be released unless some exemption applies to prohibit their release:
 If records fit within the definition of "public records" . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2005-057 at 2, quoting Op. Att'y Gen. No. 1999-305.
Because your request deals with job applications, I will confine my analysis to that type of document. Historically, this office has distinguished between job applications of successful and unsuccessful applicants. If the applicant was hired, then the application is considered a personnel record. E.g., Op. Att'y Gen. Nos. 2008-039; 2006-218; 2006-162; 95-244; and 95-113. If the applicant was not hired, then the application is not considered a "personnel record" because the applicants never become an employee and, thus, personnel. E.g., Op. Att'y Gen. 2008-039; 2003-015. Regardless of classification, the result is generally the same: *Page 3 
this office has opined that job applications generally must be disclosed under the FOIA. E.g., Op. Att'y Gen. 96-190.
Because job applications of successful applicants constitute personnel records, they must be disclosed unless their disclosure constitutes a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). I have summarized the test for determining the release of personnel records as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y Gen. 2004-260, at 2.
As indicated above, my predecessors have repeatedly opined that job applications of public employees are "public records," properly classified as "personnel records," and are subject to inspection and photocopying, provided that all exempt information has first been deleted. E.g., Op. Att'y Gen. Nos. 2006-218; 2006-193; 2006-162; 2002-068; 2001-368. As my predecessor has stated, "educational background and work history . . . reflect job qualifications and a public interest therefore attaches to this information. . . ." Op. Att'y Gen. 2006-165, at 9-10. Nonetheless, certain information may need to be redacted from employment applications before their release. Among the categories of exempt information to be deleted are social security numbers (Ops. Att'y Gen. Nos. 2001-203 and 99-011; *Page 4 
97-042); medical information and school transcripts (A.C.A. § 25-19-105(b)(2)), and home addresses (exempted by A.C.A. § 25-19-105(b)(13)).
In sum, although I cannot opine on your specific question about volunteer job applications, I have reviewed the law regarding job applications in general, which any custodian would have to employ in determining whether to release job applications in response to a FOIA request.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General *Page 1