Mr. Pu Liu University of Arkansas Walton College of Business 302 Business Administration Building Fayetteville, Arkansas 72701
Dear Mr. Liu:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for my opinion on whether the decision of the University of Arkansas, Walton College of Business, to release certain information concerning your employment with the University (your name, title and salary) in response to a request under the Arkansas Freedom of Information Act ("FOIA") is consistent with that law.
RESPONSE:
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA (A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2007)). In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion the custodian's decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance *Page 2 
of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Given that you are a public employee, I believe documents containing the requested information clearly qualify as "public records" under this definition, as would any other records maintained by your employer relating to your employment. As one of my predecessor noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 99-305.
The pertinent exemption in this instance is the one for "personnel records." A.C.A. § 25-19-105(b)(12) (2007). This office has previously opined that "records relating to [an employee's] hiring date and salary information are clearly `personnel records' for purposes of the FOIA." Op. Att'y Gen. 2004-320. Additionally, as a general rule the name of a public employee, like salary information, is contained in records that are properly classified as "personnel records." Op. Att'y Gen. Nos. 2005-074 and 2003-095, and opinions cited therein.
"Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted inYoung:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that *Page 3 
certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . B e c a u s e section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. (Emphasis added).
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
At issue, then, is whether disclosing documents that record your name, title and salary would amount to a "clearly unwarranted invasion of personal privacy" under this balancing test. In my opinion, it would not. Numerous previous opinions of this office support the conclusion that the public interest in this type of basic employment information is substantial and any potential privacy interest does not outweigh it.E.g., Op. Att'y Gen. 2008-050, citing Op. Att'y Gen. Nos. 2007-001, 2005-194, 2005-057, 2004-225, and 2002-087. See also Op. Att'y Gen.2005-074 (citing a number of previous opinions to the effect that the names of public employees are generally subject to disclosure, including Op. Att'y Gen. 90-335 ("[t]he `public' is the employer of these individuals, and pays their salaries [and] [i]t is not unreasonable to expect that an employer would have an interest in knowing whom it employs[;]") and Op. Att'y Gen. 95-220 ("[c]ourts have found relatively little privacy interest in records revealing names of public employees.")); Op. Att'y Gen. 2003-298 ("[T]he public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests."); 98-126 ([S]alary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy[,]" citing Op. Att'y Gen. Nos. 96-205, 95-242, 95-070, and 94-198.). This office has further previously concluded that the races and job titles of public employees are subject to disclosure under the FOIA. E.g. Op. Att'y Gen. 2008-108 ("The public interest in this type of information is substantial and any *Page 4 
potential privacy interest does not outweigh it[,]" citing Op. Att'y Gen. Nos. 2007-070, 95-012, and 91-351.).
It is therefore my opinion that the public interest prevails with respect to this basic employment information. You have suggested as a basis for withholding the information the fact that the salaries of many faculty members are not completely funded by public funds, but are partially privately funded. However, even if a privacy interest is thereby implicated, the public plainly has a substantial interest in this private supplementation of public employees' salaries. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties' or otherwise let citizens know `what their government is up to.'" Stilley v.McBride, supra, citing Department of Defense v. FLRA, 510 U.S. 487, 497
(1994).[1] In this regard, the legislature has regulated the supplementation of higher education employees' salaries by the enactment of A.C.A. § 6-62-103 (Supp. 2003). This statute authorizes certain additional salary or salary-related payments for employees of institutions of higher education above the maximum authorized compensation set by law, but only if the funds are derived from "private contributions." Id. at (d) and (e)(2). In my opinion, the release of these additional salary payments most assuredly would shed light on the workings of government. The public's interest in this regard is substantial and any potential privacy interest does not outweigh it, in my opinion. *Page 5 
It is therefore my opinion that the custodian's decision to release a record listing your name, title and salary is consistent with the FOIA.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As I have previously explained, it may be necessary to gauge the level of the public's interest in the records, depending upon the existence or level of any privacy interest in particular documents:
 The first step in the analysis is . . . to identify the existence or level of any privacy interest in the documents. As I recently stated: "[i]f the privacy interest is de minimus, the information is likely disclosable and that is the end of the analysis." Op. Att'y Gen. 2008-058, quoting 97-286, citing Ops. Att'y Gen. 1995-220; 93-131; and 90-335. See also, Wills and Walker, "Personnel Records" Under the FOIA: What Weighs in the Balance?" The Arkansas Lawyer, Vol. 39, No. 4 at 11. If a privacy interest is implicated, the level of the public's interest in the records must be gauged. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties'or otherwise let citizens know `what their government is up to.'" Stilley v. McBride, supra, citing Department of Defense v. FLRA, 510 U.S. 487, 497 (1994)). If the public interest in this regard is substantial, it will usually outweigh any privacy interest. Young v. Rice, supra.
Op. Att'y Gen. 2008-107. *Page 1