Mr. Sam Sexton, III Attorney at Law McCutchen Sexton
1622 North B Street Fort Smith, Arkansas 72901
Dear Mr. Sexton:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2009) on behalf of the subject of certain employee-related records, for my opinion concerning the Fort Smith Police Department's decision to release the records in response to a request under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 to-109 (Repl. 2002 Supp. 2009). The records pertain to the suspension of a Fort Smith police officer following an incident involving the officer. The Department has received a request under the FOIA for documentation related to the suspension. You have provided me with copies of the records that the custodian intends to release with certain redactions, and you have expressed your objection to the disclosure of the records.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the custodian's decision regarding the disclosure of employee evaluation or job performance records is consistent with the FOIA. In the present case, the custodian has determined that the requested documents are subject to release after redacting the employee's home address, phone number, and date of birth. In my opinion, the custodian's decision to release all of the records, except for the noted redactions, is inconsistent with the FOIA. In my opinion, the document entitled "Professional Standards Officer Resume" is exempt from disclosure under the test for "employee evaluation or job performance records." A.C.A. § 25-19-105(c)(1) *Page 2 
(Supp. 2009). The handwritten statement dated March 24, 2009, and the text messages are in my opinion exempt from disclosure under the "personnel records" exemption. Id. at (b)(12). Additionally, I believe the custodian's decision to release the interview documents, which primarily relate the details of a domestic dispute and other matters of a personal nature, is likely inconsistent with the FOIA. In my opinion, a review of these documents does not reflect a "compelling public interest" in disclosure, which is a necessary prong of the test for the release of such records. In my opinion, the public's interest is satisfied by the release of the remaining job performance records.
DISCUSSION:
The relevant exemptions in this instance are the ones for "personnel records," A.C.A. § 25-19-105(b)(12), and "employee evaluation or job performance records," A.C.A. § 25-19-105(c)(1). It is important to classify the records properly because the tests for release under these two exemptions differ.
The FOIA does not define the term "personnel records." This office has historically taken the position, however, that the term encompasses all records other than "employee evaluation and job performance records" that pertain to individual employees, former employees, or job applicants. E.g., Op. Att'y Gen. 99-147, citing J. Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT, 134 (m m Press, 3d ed., 1998). The FOIA likewise does not define "employee evaluation or job performance records." But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id. The documents must have been created in the evaluation process in order to come within the rationale behind the employee evaluation/job performance exemption under subsection 25-19-105(c)(1). Op. Att'y Gen. 2005-094. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See THE ARKANSAS FREEDOM OF INFORMATION ACT,supra at 141-142.
It appears from my review of the records at issue that most plainly constitute evaluation or job performance records. But several are personnel records, in my judgment, because they were not created in the evaluation process. I am referring *Page 3 
specifically to the incident report, the related handwritten statement dated March 24, 2009, and the text messages.
Personnel Records
"Personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young
elucidated a two-step approach. First, the custodian must assess whether the information contained in the document that is sought is of a personal or intimate nature such that it gives rise to a more than de minimus privacy interest. Id. at 598. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus
privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.Id.
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley v.McBride, 332 Ark. 306, 311, 965 S.W.2d 125 (1998). With regard to the public interest side of the balancing test, the court has ascribed to the view that the only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312, quoting Department ofDefense v. FLRA, 510 U.S. 487, 497 (1994). *Page 4 
Applying this test leads me to conclude that while the custodian has properly decided to release the incident report with the noted redactions, [1] the related handwritten statement and the text messages are exempt from disclosure. The employee in my opinion has a substantial privacy interest in these records, which relate intimate details involving his marital status and family life. This office has previously opined that the personal-privacy side of the scale weighs heavily as to such matters. E.g., Op. Att'y Gen. 2008-163 (and opinions cited therein). In my opinion, the public's interest in this type of information is minimal.Id. There may be some detectable public interest in the handwritten statement, but in my opinion this interest is satisfied by the release of the incident report.
Evaluation or Job Performance Records
With regard to the remaining records, which constitute evaluation or job performance records, these documents are releasable under A.C.A. § 25-19-105(c)(1) only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
Id. All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.
A suspension or termination is thus a threshold requirement for the release of employee evaluation or job performance records.See Op. Att'y Gen. 2007-311 (and opinions cited therein). With regard, therefore, to the document at issue entitled "Professional Standards Officer Resume," it would seem that the test for release has not been met. This document plainly details the employee's *Page 5 
disciplinary history, and in my opinion it constitutes a job performance or evaluation record. Because this history did not form a basis for any suspension or termination, the record remains closed pursuant to A.C.A. § 25-19-105(c)(1).
With regard to the other remaining evaluation/ job performance records, I believe that with the exception of the interview documents, the custodian's decision to release the records is consistent with the FOIA. The suspension is final and the records clearly formed a basis for the suspension. As for the third prong of the test under A.C.A. § 25-19-105(c)(1) — the existence of a "compelling public interest" in disclosure — the FOIA does not define this the key phrase. But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 . . . [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins and R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 207 (footnotes omitted).
Having reviewed the records, it is my conclusion that the nature of the conduct that led to the suspension, coupled with the officer's position of public trust in law enforcement, compels disclosure of the letter notifying the subject of his suspension, as well as the "Summary" of the administrative inquiry and the "Initial Notice of Incident." This conclusion reasonably follows, in my opinion, from the fact that the activities detailed in these records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety.See, e.g., Op. Att'y Gen. 2005-175 and 97-400. With *Page 6 
regard, however, to the interview documents, it is my opinion that there likely is no "compelling public interest" in these records. In my opinion, the public interest is satisfied by the release of the other job performance records. Weighing against the finding of a compelling public interest in the interview documents is the fact that the records predominantly include details of a personal and domestic nature that appear to have little potential public impact. Also, to my knowledge, there are no facts indicating the existence of a public controversy or debate surrounding the department in this instance. See generally Watkins and Peltz,supra at 206 ("[I]f the issue is debated publicly and has foreseeable and substantial ramifications for those who are not direct participants, it is a public controversy."). Although the misconduct at issue does implicate the public welfare, in my opinion there is no compelling interest in knowing all of the particular details of the dispute. I note, additionally, that disclosing all of the documents that detail the specifics of this incident and other related domestic matters might well compromise the privacy interests detailed in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) (holding that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.)
In sum regarding the interview documents, I believe the custodian's decision to release these documents, which primarily relate the details of a domestic dispute and other matters of a personal nature, is likely inconsistent with the FOIA. In my opinion, a review of these documents does not reflect a "compelling public interest" in disclosure, which is a necessary prong of the test for the release of such records. In my opinion, the public's interest is satisfied by the release of the remaining job performance records.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM:EAW/cyh
[1] Nonelected municipal employees' home addresses are exempt under A.C.A. § 25-19-105(b)(13) (Supp. 2009). Additionally, in my opinion, the subject police officer's home telephone number is exempt from disclosure based on the special privacy interest attendant thereto, in keeping with Stilley v.McBride, supra. See Op. Att'y Gen. 2001-080. The date of birth is properly redacted pursuant to A.C.A. § 25-19-105(b)(12), under the "clearly unwarranted invasion of privacy" test. See Op. Att'y Gen. 2007-064.