Ms. Carol Billings, Esq. Pine Bluff City Attorney 200 East 8th Avenue, Suite 203 Pine Bluff, Arkansas 71601
Dear Ms. Billings:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter and accompanying documents indicate that the records custodian has received a FOIA request that seeks "a copy of all records maintained by the City of Pine Bluff Police Department Office of Professional Services regarding [a certain former police officer]." You forwarded to me two sets of documents that you believe constitute the responsive documents. The custodian has characterized those documents as employee evaluation or job performance records and has redacted certain information throughout both sets of records.
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. Below, I explain the general legal principles regarding personnel records and employee evaluation records. I then apply those principles to the records you have forwarded. I have made the following determinations, all of which are explained more fully below:
 • In my opinion, the custodian has incorrectly characterized some documents as employee evaluation or job performance records. Because these records *Page 2 
also fail to qualify as personnel records, they fall outside the scope of my review under subsection 25-19-105(c)(3)(B)(i). Therefore, I cannot opine on whether their release is consistent with the FOIA.
 • You have characterized some photographs as employee evaluation records and determined that they meet the test for release. I cannot definitively opine on whether these particular photographs are correctly characterized as employee evaluation records because such a characterization depends on a factual finding that I am not able to make.
 • Many of the employee evaluation records reference other police officers by name. The custodian has decided to redact most of these names and the pronouns that indicate the officers' sex. In my opinion, with the exception of one officer, these redactions are inconsistent with the FOIA.
 • In my opinion, most of the documents are properly characterized as employee evaluation records and meet the test for release.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Pine Bluff Police Department Office of Professional Services, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially *Page 3 
supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009). While not opining about the documents that fall outside the scope of my review, most of the documents the custodian intends to release constitute public records. Thus, the only remaining issue is whether any exemptions require the documents be withheld.
The FOIA provides two exemptions for items normally found in employees' personnel files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
Personnel Records Exemption
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. *Page 4 
2009). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 179 (m m Press, 4th ed., 2004).
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than deminimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998). The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. Several documents *Page 5 
contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As previously noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Employee Evaluation Exemption
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.Id. *Page 6 
If a document meets the above definition, the documentcannot be released unless the following elements have been met:
 1. The employee was suspended or terminated (i.e. level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e. finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e. relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e. compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2009). All these conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust *Page 7 
should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted).
Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen. 2007-206:
 a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Application
I have reviewed the records the custodian intends to release with the above legal principles in mind. My review prompts me to make four observations. First, the custodian has incorrectly categorized several documents as employee evaluation records.[4] Because these documents also fail to qualify as personnel records, the *Page 8 
question of whether their release is consist with the FOIA falls outside the scope of my review under subsection 25-19-105(c)(3)(B)(i).
Second, the custodian has characterized several photographs as employee evaluation records. The custodian must have made the factual finding that these photographs were taken by or at the behest of the employer for the purpose of evaluating the job performance of the subject of the records. If, given the nature of the circumstances of what you call "Case 1," these types of photographs are routinely taken for mere documentation instead of job-performance evaluation, then there may be some question about whether the photos are employee evaluations. Cf. Op. Att'y Gen. 2007-313 (regarding the release of a videotape from a traffic stop). Ultimately, this decision is one for the custodian.
Third, the custodian has made numerous redactions, some of which appear inconsistent with the FOIA. Additionally, the custodian has failed to redact certain information. As for the latter, the handwritten notes at the end of the set of documents you call "Case 2," contain the unredacted social security number of someone discussed in the interview and what appears to be the unredacted personal cell-phone number of the subject of the request. Both these items should, in my opinion, be redacted. As for the former, the custodian has redacted virtually all the names and pronouns that refer to officers interviewed in the course of suspension proceedings of the records' subject. You appear to believe the officers' names must be redacted under the personnel records exemption. Even assuming the reference to a secondary officer renders that portion of the record a "personnel record" of the secondary officer, it is not apparent from the face of the records that releasing the names constitutes a clearly unwarranted invasion of personal privacy.[5] Accordingly, I conclude that these redactions are inconsistent with the FOIA.[6] *Page 9 
Finally, as for the other documents the custodian intends to release, I believe the custodian has correctly identified them as employee evaluation records and correctly concluded they should be released.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/RO:cyh
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] Such records include the following: documents that simply state the police department's "policies and procedures"; a multi-page document that details the prior arrests of the arrestee in what you call "Case 1" — I view this record as more of a "rap sheet" than a personnel or employee evaluation record; handwritten notes at the beginning of the set of documents you call "Case 2"; copies of money-order receipts; records of bankruptcy proceedings; a convenience-store receipt.
[5] For more on the analysis of secondary employees mentioned in an employee's evaluation record, see Op. Att'y Gen. Nos. 2009-147, 2008-007.
[6] This conclusion does not apply to the other officer whose records were requested by the current FOIA requester. This second officer was investigated in what you call "Case 2," and those records related to that officer constitute his employee evaluation records, which cannot be released because the records do not appear to be related to his suspension or termination.
 *Page 1