Robert B. Lusk c/o Little Rock Police Department
700 West Markham Little Rock, Arkansas 72201-1329
Dear Mr. Lusk:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has made an FOIA request for the following information "from the 179 citizen complaints filed January 2007 to December 2010":
 • the name of the person filing the complaint;
 • address of the person filing the complaint;
 • race and sex of the person filing the complaint;
 • address of where [sic] [the] infraction occurred; and
 • name of the officer in said complaint.
You object to the release of any of the foregoing information that relates to you. In addition, you have attached several documents to your opinion request that, it *Page 2 
appears, the custodian intends to release. You ask whether the custodian's decision to release them is consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the records, it is my opinion the custodian's decision is only partly consistent with the FOIA. I will set out all the definitions and standards and then apply them to the records you attached.
DISCUSSION I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the police department, which is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
All the documents you have attached to your request reflect your job performance on the job. Therefore, in my opinion, these documents are public records and must be disclosed unless some specific exception provides otherwise. *Page 3 
 II. Exceptions to disclosure.
The FOIA provides two exceptions for items normally found in employees' personnel files.[2] For purposes of the FOIA, these items can usually be divided into two mutually exclusive groups: "personnel records"[3] or "employee evaluation or job performance records."[4] The test for whether these two types of documents may be released differs significantly.
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
a. Personnel-records exception.
The first of the two most relevant potential exceptions is the one for "personnel records," which the FOIA does not define. But this office has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[5] Whether a particular record meets this *Page 4 
definition is, of course, a question of fact that can only be definitively determined by reviewing the record itself. If a document meets this definition, then it is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[6]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, inYoung v. Rice, [7] has provided some guidance. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test that weighs the public's interest in accessing the records against the individual's interest in keeping the records private. The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, Young v. Rice
developed a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater thande minimus privacy interest.[8] If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[9] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[10] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[11] *Page 5 
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[12]
 b. Employee-evaluation exception.
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer that detail the employee's performance or lack of performance on the job.[13] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[14]
If a document meets the above definition, the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[15]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines: *Page 6 
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[16]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists, [17]
which is always a question of fact that must be determined, in the first instance, by the custodian after he considers all the relevant information.
The primary purpose of this exception is to preserve the confidentiality of the formal job-evaluation process in order to promote honest exchanges in the employee/employer relationship.[18]
 III. Application.
We can now apply the foregoing to the eight documents you have attached.
 • First, you have attached a memorandum from the Chief of Police explaining his decision to release the requested information. This is a public *Page 7 
record and no exemptions shield it from disclosure. Thus, if the Chief intends to release it, that decision is consistent with the FOIA.
 • Second, you have attached a report that you wrote dated July 22, 2011. At your employer's directive, you created this document, which references employee disciplinary action and the reasons for that action. Accordingly, it is best characterized as an employee evaluation.[19]
Given that you were not suspended or terminated for any of the employment actions described therein, the test for the disclosure of employee-evaluation records requires that this document be withheld from disclosure.
 • Third, you have attached a document entitled "Employee Complaints Inquiry." It is difficult to determine whether this document should be categorized as an employee evaluation or as a personnel record. The document has columns that indicate the discipline received, if any, for the listed complaints. It also has a column that lists something called "TYP." If the codes assigned to each complaint under this column would give substantive information about the reasons for the discipline associated with that complaint, then this record is an employee evaluation.[20] If not, then the record is a personnel record.[21] If the former, then the record cannot be released because none of the disciplinary actions resulted in suspension or termination. If the latter, then the record should probably be released because doing so would not, in my opinion, rise to the level of a clearly unwarranted invasion of personal privacy.
 • The fourth, fifth, and sixth documents are all employee evaluations that cannot be released. Each document (1) was created by or at the behest of the employer and (2) details the employer's decisions regarding disciplinary action associated with (a) specific job-performance incidents and (b) the reasons for the employer's disciplinary action. Such a document *Page 8 
is an employee evaluation.[22] Because none of these incidents resulted in suspension or termination, these documents cannot be released.
 • Documents seven and eight, which appear to be unsolicited complaints from citizens about your job performance, are personnel records.[23] In my opinion, the release of these documents would not rise to the level of a clearly unwarranted invasion of your personal privacy. Therefore, the custodian's decision to release these documents is consistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (Arkansas Law Press, 5th ed., 2009).
[3] A.C.A. § 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[5] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra, at 187.
[6] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[7] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[8] Id. at 598, 826 S.W.2d at 255.
[9] Id., 826 S.W.2d at 255.
[10] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[11] E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[12] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 98-001.
[13] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[14] Id.
[15] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[16] Watkins Peltz,supra, at 217-18 (footnotes omitted).
[17] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[18] Cf. Op. Att'y Gen. 96-168; Watkins Peltz,supra, at 204.
[19] See note 20 and accompanying text.
[20] Public records are considered employee-evaluation records when (1) they are created by or at the behest of the employer; (2) they reference employee disciplinary action; and (3) they give the reasons for that action. See, e.g., Op. 2005-112 and 97-190.
[21] If the document merely lists employment action (e.g. the fact of a reprimand, suspension, or termination), but does not give the reasons for the discipline, then the document is a personnel record.Id.
[22] See note 20 and accompanying text.
[23] E.g., Op. Att'y Gen. 2008-044. *Page 1